IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| YUKON RECOVERY, L.L.C.,<br><br>                        Plaintiff,<br><br>   vs.<br><br>CERTAIN ABANDONED PROPERTY,<br><u>in rem</u>,<br><br>                        Defendant.<br>_____<br><br>OCEAN MAR, INC.,<br><br>                        Plaintiff,<br><br>   vs.<br><br>THE CARGO OF THE SS ISLANDER,<br><br>                        Defendant.<br>_____ | No. 3:96-cv-0270-HRH<br><br>[Consolidated with<br>No. 3:96-cv-0304-HRH] |

<u>O R D E R</u>

Order Amending
<u>Findings of Fact and Conclusions of Law</u>

Tyche High Seas Capital Corporation ("Tyche") moves to amend[1] the findings of fact and conclusions of law filed in this case on August 28, 1998.[2] Keesal, Young &

---

[1]Docket No. 311.

[2]Docket No. 194.

Logan ("KYL") has opposed Tyche's motion.[3]  Tyche served and filed its reply.[4]  Oral argument was requested and heard on June 11, 2019.

KYL has withdrawn its opposition to Tyche's motion to amend findings of fact and conclusions of law.[5]  In doing so, KYL advises that it has "no objection to the Motion being granted."[6]  KYL represents that it and Tyche "have agreed that as between them, whatever rights KYL may have will be and are fully preserved and that KYL's abilities to protect and assert its interests are fully preserved as if the Motion had not been made or granted by the Court."[7]

KYL was permitted to intervene in these proceedings for one purpose only:  to gain access to reports being filed with this court by Ocean Mar under seal.[8]  Those reports were being sought because of litigation between KYL and Islander Partners, LP, over the payment of KYL's attorney fees earned in the representation of Ocean Mar.[9]  As reflected by the court's 1998 findings of fact, the insured gold cargo lost in the sinking of the SS ISLANDER is the property of Marine Insurance Company.  Ocean Mar was Marine Insurance Company's contract salvor.  KYL has never had any property rights in the gold.  The litigation between KYL and Islander Partners, LP, had nothing to do with Ocean Mar's contract rights to seek to recover Marine Insurance Company's gold.  As reflected

---

[3]Docket No. 313.

[4]Docket No. 316.

[5]Docket No. 322.

[6]Id. at 1.

[7]Id. at 1-2.

[8]Docket No. 299.

[9]Id. at 3-5.

by a recent Ocean Mar report,[10] Ocean Mar's salvage contract has expired and was not renewed. KYL had no standing to oppose Tyche's instant motion, and KYL has prudently withdrawn its opposition to that motion.

Tyche moves pursuant to Rule60(b)(6), Federal Rules of Civil Procedure, for relief from the court's judgment and findings of fact and conclusions of law entered in this case in 1998.[11] This is indeed a situation where there is good reason justifying relief with respect to the court's judgment and conclusions of law. Although a non-party to this litigation, Tyche "is in some form of privity with a party to the judgment [being] attacked" and Tyche's "interests [are] directly or strongly affected by the judgment." Flame S.A. v. Indus. Carriers, Inc., 24 F. Supp. 3d 513, 516 (E.D. Va. 2014); Eyak Native Village v. Exxon Corp., 25 F.3d 773, 777 (9th Cir. 1994). As regards privity, Tyche is Marine Insurance Company's successor salvage contractor. The judgment and conclusions of law as presently written directly affect Tyche's interest, for the court's conclusions of law hold that "Ocean Mar is entitled to exclusive salvage rights with respect to the wreckage of the SS Islander."[12]

The court's 1998 conclusion that Ocean Mar had exclusive salvage rights with respect to the wreckage of the SS ISLANDER was rendered in the context of the court's further conclusion that, "the Canadian Bank of Commerce gold shipment which is now

---

[10] Docket No. 317.

[11] Tyche also references Rule 60(b)(2). This is not a "new evidence" situation. Rather, this is a situation where the passage of time has resulted in contractual relationships expiring and new parties becoming involved in the efforts to locate the gold cargo from the SS ISLANDER.

[12] Findings of Fact and Conclusions of Law at 14, ¶ 26, and 16, ¶ 29, Docket No. 194.

the legal property of Marine Insurance Company [is] subject to Ocean Mar's rights under the salvage contract."[13] Ocean Mar is no longer Marine Insurance Company's contract salvor,[14] and Tyche's U.K. solicitor avers that Royal & Sun Alliance Insurance, plc, a group of British insurance companies, is now the owner of Marine Insurance Company.[15] Royal & Sun Alliance Insurance has entered into a new salvage contract with Tyche.[16]

Marine Insurance Company's ownership of the gold shipment is no longer subject to Ocean Mar's salvage contract. Ocean Mar has lost its exclusive salvage rights by virtue of the expiration and non-renewal of Marine Insurance Company's salvage contract with Ocean Mar. In consideration of the foregoing, the court's 1998 conclusions of law that Ocean Mar holds exclusive salvage rights are withdrawn.

The court recognizes Tyche High Seas Capital Corp. as Marine Insurance Company's contract salvor with exclusive salvage rights with respect to the wreckage of the SS ISLANDER.

At the time that the court's findings of fact, conclusions of law, and judgment were entered in 1998, there was, as reflected by the court's findings, a contest between two would-be salvors: Yukon Recovery, LLC, and Ocean Mar, Inc. That situation no longer exists. Ocean Mar concedes that its salvage contract has expired and was not renewed, and there is no known party having a legal interest in salvaging the wreck of the SS ISLANDER other than Tyche. The State of Alaska does still have an interest in the

---

[13] Id., ¶ 25.

[14] Docket No. 317.

[15] Declaration of Alex Davis at 2, ¶ 3, Docket No. 312.

[16] Id. at 3, ¶ 8.

recovery and preservation of artifacts that may be found and raised in connection with Tyche's salvage operations. A state's attorney participated at the hearing on Tyche's motion, and it is clear to the court that Tyche and the State of Alaska are well along in the negotiation of a new contract for the preservation of artifacts that might be raised from the wreck of the SS ISLANDER.

In consideration of the foregoing, the court perceives no ongoing need for this court to retain jurisdiction. The court's ongoing jurisdiction is terminated. Neither Ocean Mar nor Tyche are obligated to file any further reports with the court.

Tyche's motion to amend findings of fact and conclusions of law is granted. The portions of conclusions of law recognizing Ocean Mar as Marine Insurance Company's exclusive salvor are withdrawn. The clerk of court shall enter an amended judgment in which Tyche High Seas Capital Corp. is substituted for Ocean Mar as the duly authorized contract salvor of Marine Insurance Company.

DATED at Anchorage, Alaska, this  17th  day of June, 2019.

/s/ H. Russel Holland
United States District Judge